In the Matter of the Claim of KATARINA ZACHHUBER, Respondent, against REPUBLIC AVIATION CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of disability compensation. Claimant was. employed as a solderer in the employer's aviation plant. On December 9, 1955 claimant ate a pork sandwich at her lunch. Some 15 minutes after she returned from lunch she fell from a stool where she was working, striking her head on the floor and sustaining injuries in the nature of a subarachnoid hemorrhage. Appellants contend that claimant's injuries resulted from conditions other than an industrial accident — and allege that claimant attributed her fall to the effects of the pork sandwich she ate for lunch. Claimant denied this and asserted that she became sick from soldering fumes. There is some corroborative testimony from several coemployees that soldering fumes were present in the room at the time the alleged accident occurred. There was medical testimony relating claimant's fall to the inhalation of fumes and dizziness resulting therefrom. On the whole record questions of fact were presented for the board to determine. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY McGUINESS, Appellant.— This is an appeal from a judgment of the County Court, County of Rensselaer, entered upon a verdict convicting the defendant-appellant of the crime of sodomy in the first degree after a trial before a jury. The crime charged is particularly abhorrent to a normal person but the defendant nevertheless was entitled to a fair and impartial trial. An examination of the record convinces us that he did not receive such a trial and that his conviction ought to be reversed in the interests of justice. We regard certain parts of the District Attorney's summation as inflammatory and prejudicial, and to such a degree that we cannot justly view them as harmless. Judgment reversed in the interests of justice and a new trial directed. Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.